```
 1
 2
 3
 4
 5
 6
 7
 8                  UNITED STATES DISTRICT COURT
 9                 CENTRAL DISTRICT OF CALIFORNIA
10
11  U.S. MARSHALS,              )  Case No. EDCV 05-136 VAP
                                )  ✓ EDCR 00 70 VAP
12            Plaintiff,        )
                                )  [Motion filed on February
13       v.                     )  11, 2005]
                                )
14  BABATUNDE OSINAME,          )  ORDER GRANTING IN PART AND
                                )  DENYING IN PART PETITIONER'S
15            Defendant.        )  MOTION TO VACATE, SET ASIDE,
                                )  OR CORRECT SENTENCE UNDER 28
16  _____ )  U.S.C. § 2255
17
```

18      The Court has received and considered all papers
19 filed in support of, and in opposition to, Petitioner's
20 Motion to Vacate, Set Aside, or Correct Sentence Under 28
21 U.S.C. Section 2255.  The Petition is appropriate for
22 resolution without oral argument.  For the reasons set
23 forth below, the Court grants the Motion in part and
24 denies it in part.
25
26                       **I. BACKGROUND**
27      On February 13, 2001, Petitioner executed a plea
28 agreement with the government in which petitioner agreed

to plead guilty to count ten (wire fraud) and count fifteen (mail fraud) of the Indictment.  [Opp'n at 8.]

On June 11, 2001, this Court sentenced Petitioner to 37 months imprisonment, three years supervised release, and a $200 special assessment, based on his plea of guilty to one count of mail fraud, in violation of 18 U.S.C. Section 1341, and one count of wire fraud, in violation of 18 U.S.C. Section 1343.  [Opp'n at 3.] Petitioner was also ordered to pay $1,102,823.00 in restitution, jointly and severally with co-defendant Jeanette Franklin.  [Id.]

On November 22, 2004, Petitioner admitted, and the Court found, that he violated the terms and conditions of his supervised release.  [Nov. 22, 2004 Judgment and Commitment Order at 1.]  The Court then ordered the Judgment and Commitment Order revoked, vacated, and set aside, and committed Petitioner to the custody of the Bureau of Prisons for a term of six months.  [Id. at 2.] The Court further ordered that, upon release from imprisonment, Petitioner was to be placed on supervised release for a term of 54 months.  [Id.]

On February 11, 2005, Petitioner filed, pro se, a "Petition For Writ of Habeas Corpus By A Person In Federal Custody" ("Pet.").  Petitioner challenges his

sentence for violation of supervised release. [Pet. at 3.]

Petitioner lists five grounds for challenging his imprisonment: (1) He signed a proposed Court order changing his restitution from $500 to $75 per month "and the court approved"; (2) He did not violate his probation and secured two employment offers, both of which he accepted; (3) He received ineffective assistance of counsel because his attorney refused "to file a motion presenting documents of job offers I had accepted and to present documents that I was still making diligent efforts to secure other employment"; (4) He further was denied effective assistance of counsel because when the judge asked him if he had anything to say in regard to the proposed six month sentence for violating conditions of his probation, his counsel advised him not to raise a defense for fear that the judge would sentence him to nine months; and (5) He additionally received ineffective assistance of counsel because his counsel refused to file an appeal. [Pet. at Unnumbered Page.]

In a July 27, 2006 Order, the Court ruled that Petitioner's Petition is not a second or successive petition, ordered Plaintiff to serve his Petition properly and issued a briefing schedule. The Government filed an "Opposition to Petitioner's Motion to Vacate,

Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" ("Opp'n") and the Declaration of Michael Belter ("Belter Decl.") on November 2, 2006.  Petitioner filed a "Traverse To Answer To Petition For Writ Of Habeas Corpus" ("Trav.") and the Declaration of Babatunde Osiname ("Osiname Decl.") on December 4, 2006.  Pursuant to a request by the Court, the Government filed a Surreply, the Declaration of Shannon Ryan, and the Declaration of Kalia Batts ("Batts Decl.") on January 30, 2007.

## II. LEGAL STANDARD

This proceeding is brought under 28 U.S.C. Section 2255, the statutory analogue of habeas corpus for persons in federal custody.[1]  Under Section 2255, a prisoner in custody under the sentence of a federal court may file a motion in the court "which imposed the sentence."  28 U.S.C. § 2255.  The statute sets forth a remedy for "a sentence . . . imposed in violation of the Constitution or laws of the United States, or [where] the court was without jurisdiction to impose such sentence, or [where] the sentence was in excess of the maximum authorized by

---

[1] "Suffice it to say that it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide the sentencing court with a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined." Hill v. United States, 368 U.S. 424, 427 (1961)(citing Heflin v. United States, 358 U.S. 415, 421 (1959)(concurring opinion)).

4

law, or is otherwise subject to collateral attack."[2]  Id. Thus, the statute sets forth a general remedy for unlawful imprisonment.

## III. DISCUSSION

**A. Violations of Supervised Release**

Petitioner argues he did not violate supervised release because of either a failure to pay the correct restitution or a failure to obtain employment.

### 1. Failure to Raise The Issue on Appeal

Petitioner failed to raise this issue on appeal, resulting in a procedural default of his claim.  "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984) (footnote omitted).  See Bousley v. United States, 523 U.S. 614, 621 (1998) ("And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."); United States v. Frady, 456 U.S. 152, 164 (1982).

///

---

[2] For purposes of Section 2255, a prisoner is in custody if he is on supervised release.  United States v. Montreal, 301 F.3d 1127, 1132 (9th Cir. 2002), cert. denied, 537 U.S. 1178 (2003).  Petitioner was incarcerated at the time he filed this Petition and he currently is on supervised release.

Petitioner may only raise the violations of supervised release in this Court if he can show both "cause" excusing his procedural default and "actual prejudice" resulting from the claim of error. Frady, 456 U.S. at 169. In the alternative, Petitioner may cure the procedural problem by showing "actual, factual innocence, not just legal insufficiency of the evidence." United States v. Ratigan, 351 F.3d 957 (9th Cir. 2003).

After the Government raised this argument in its Opposition, Petitioner failed to respond to it in his Traverse. Petitioner may argue that he has cause because he requested that his attorney file an appeal and the attorney never appealed. Petitioner, however, failed to seek leave of court to file a late appeal. Moreover, as discussed below, the Court grants the Petition in part and allows Petitioner to file an appeal. Petitioner has neither demonstrated actual prejudice nor made a showing of actual innocence.

**2.   Merits of the Allegations**

Assuming the Court were to find that Petitioner could raise these arguments, Petitioner's arguments fail on the merits. Below is an excerpt from Petitioner's November 22, 2004 hearing regarding alleged violations of supervised release:

///

1  **THE COURT:** You're before the Court today
2  for a hearing resulting from a petition filed by
3  the probation office alleging that you violated
4  the terms of your supervised release that were
5  imposed on June 11th, 2001. And the allegations
6  in the petition are that you violated supervised
7  release by, number one, having been ordered by
8  the Court to pay restitution in the amount of
9  $1,182,123 in monthly installments of $500 per
10 month, and having been instructed by the
11 probation office by June 24, 2004, to begin
12 paying $500 per month on December 5, 2004,
13 Babatunde Osiname failed to make payment of $500
14 for the months of September and October 2004.

16    In paragraph two of the petition it's
17 alleged that
18 having been instructed by the probation officer
19 on June 24, 2004, to obtain employment by
20 September 5, 2004, you failed to obtain
21 employment as instructed. Do you admit or deny
22 these allegations?

24    **MR. OSINAME:** I admit them, Your Honor.

26    **THE COURT:** You admit both of them; is that
27 correct?

7

```
 1         MR. OSINAME:  Yes, ma'am.
 2
 3         THE COURT:  All right.  In making these
 4    admissions are you admitting these allegations
 5    freely and voluntarily and without coercion?
 6
 7         MR. OSINAME:  Yes, ma'am.
 8
 9         THE COURT:  Mr. Belter, do you concur in the
10    defendant's admission as to both allegations?
11
12         MR. BELTER:  I do, Your Honor.
13
14         THE COURT:  Do any of the parties wish to be
15    heard before I accept the admissions and make a
16    finding?
17
18         MS. WRIGHT:  No, Your Honor.
19
20         MR. BELTER:  No, Your Honor.
21
22         THE COURT:  All right.  Then I will accept
23    the defendant's admissions and find that he is
24    in violation of supervised release as to both
25    grounds set forth in the petition.
26
27  [Nov. 22, 2004 Tr. at 12:2-13:12.]
28
```

Petitioner's statements on the record and under oath "carry a strong presumption of verity." United States v. Grewal, 825 F.2d 220, 223 (9th Cir. 1987).  Moreover, a court may credit defendant's testimony at the plea colloquy over a later contrary affidavit.  United States v. Castello, 724 F.2d 813, 815 (9th Cir. 1984). Accordingly, the Court credits Petitioner's testimony during the hearing.

Vague or conclusory allegations in a Section 2255 petition are insufficient to support a Petitioner's claim and warrant summary dismissal.  Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989).  Petitioner's assertions in his Petition that he was only required to pay $75 dollars a month and that he secured employment offers and therefore did not violate the terms of his supervised release by failing to obtain employment are belied by his admissions at the hearing that he violated the conditions of supervised release.  Moreover, Kalia Batts, Petitioner's probation officer, declares that she told Petitioner on more than one occasion that he would have to resume paying $500 per month restitution beginning in September 2004, following his university graduation.  [Batts Decl. at ¶ 5.]  Petitioner did not pay this amount in either September or October 2004. [Id.]
///

**B.   Ineffective Assistance of Counsel**

A common means of establishing a Section 2255 violation involves a claim that the prisoner received ineffective assistance of counsel. To establish this claim, a petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness" ("deficient performance"), and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different ("prejudice"). Strickland v. Washington, 466 U.S. 668, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Under the second prong, a defendant must demonstrate that his attorney's errors rendered the result unreliable or the proceedings fundamentally unfair. Fretwell v. Lockhart, 506 U.S. 364, 372 (1993); Strickland, 466 U.S. at 694.

If a petitioner can allege facts that would state a legitimate claim for relief under the Strickland standard, an evidentiary hearing is presumably required. United States v. McMullen, 98 F.3d 1155, 1158 (9th Cir. 1996). "The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently false as to warrant summary

dismissal." <u>United States v. Burrows</u>, 872 F.2d 915, 916 (9th Cir. 1989).

### 1. Failure to File a Motion Regarding The Job Search

Petitioner alleges ineffective assistance of counsel because his attorney refused to file a motion presenting documentation of job offers he had accepted and showing he was making diligent efforts to secure employment. [Pet. at Unnumbered Page.] Petitioner contends in his declaration that he showed his attorney a "huge stack of documents reflecting all my efforts in getting a job" and "contact information to verify my job search." [Osiname Decl. at ¶ 12.] Mr. Belter states in his declaration that Petitioner did not present him with documents "confirming that he had secured employment." [Belter Decl. at ¶ 3.] Mr. Belter raised an argument regarding Petitioner's attempts to secure employment at the November 22, 2004 hearing but the Court was not persuaded by it. [Nov. 22, 2004 Tr. at 13:18-19:24.]

Counsel's decision not to file a motion is not ineffective assistance of counsel because it is a tactical decision. "A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel." <u>Guam v. Santos</u>, 741 F.2d 1167, 1169 (9th Cir. 1984) (citation

11

omitted).  See also Doganiere v. United States, 914 F.2d 165, 168 (1990).

### 2. Counsel Advised Petitioner Not to Contest the Length of the Sentence for a Violation of Supervised Release

Petitioner contends counsel advised him not to contest the length of his sentence for fear the Court would sentence him to nine months rather than six months. [Pet. at Unnumbered Page.]  Advising Petitioner not to address the Court is a tactical decision, and thus cannot form the basis of an ineffective assistance of counsel claim.  Doganiere, 914 F.2d at 168; Guam, 741 F.2d at 1169.  Moreover, Petitioner presented no evidence to support this allegation and his vague allegations are insufficient to support his claim.  Shah, 878 F.2d at 1161.

## C. Ineffective Assistance of Counsel for Failure to File an Appeal

In Rodriquez v. United States, 395 U.S. 327 (1969), the Supreme Court held that when a defense attorney fails to file a notice of appeal, the defendant need not establish that his or her appeal has merit to seek relief.  Id. at 330.  This precedent, however, was established before the seminal ineffective assistance of
///

counsel case, <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

In <u>Strickland</u>, the Court established the elements of an ineffective assistance of counsel claim: A petitioner must prove that (1) his "counsel's representation fell below an objective standard of reasonableness," ("deficient performance") and (2) there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different ("prejudice"). See <u>Strickland</u>, 466 U.S. at 688, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694.

The decision in <u>Strickland</u>, however, has not disturbed the long standing precedent set forth in <u>Rodriquez</u>; courts have woven the principles announced in <u>Rodriquez</u> into the <u>Strickland</u> test. See, e.g., <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000).

As to the deficient performance factor, the Court in <u>Flores-Ortega</u> held the failure to file a notice of appeal after being requested to do so always satisfies the deficient performance element of the <u>Strickland</u> test. <u>Id.</u>

> We have long held that a lawyer who disregards
> specific instructions from the defendant to file

13

a notice of appeal acts in a manner that is professionally unreasonable. . . . This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

Id. (citations omitted).

Additionally, the Ninth Circuit has found that the prejudice prong of the Strickland test is presumed by a defendant's attorney's failure to file a notice of appeal; thus, a petitioner need not establish that he or she was prejudiced by his or her attorney's failure to file an appeal.[3] Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998).

///
///

---

[3] The court also noted that every other federal appellate court to address the issue has found some sort of presumed prejudice. Canales, 151 F.3d at 1230 (citing Morales v. United States, 143 F.3d 94, 96-97 (2d Cir. 1998); Castellanos v. United States, 26 F.3d 717, 718-19 (7th Cir. 1994); United States v. Peak, 992 F.2d 39, 41-42 (4th Cir. 1993); Bonneau v. United States, 961 F.2d 17, 18, 22 (1st Cir. 1992); United States v. Davis, 929 F.2d 554, 557 (10th Cir. 1991); Estes v. United States, 883 F.2d 645, 648-49 (8th Cir. 1989)).

    Strickland and Rodriquez together dictate that at the federal level a defendant is relieved of the obligation to specify the issues to be raised on appeal where counsel's failure to file a notice of appeal deprives the defendant of his right to appeal. In that sense, although Rodriquez does not say it in so many words, the defendant is not required to prove that he was prejudiced by counsel's inadequate performance.

Id. at 1229.

    Here, Petitioner contends he instructed his attorney, Michael Belter, to file a notice of appeal by letter. [Trav. at 4.] Petitioner states in his Petition that his attorney failed to file a notice of appeal after being requested to do so. [Osiname Decl. at ¶ 14.] Petitioner had until December 7, 2004 to file a Notice of Appeal. Fed. R. Civ. P. 6(a). Mr. Belter received Petitioner's letter requesting an appeal on December 10, 2004, after the appeal period had lapsed. [Belter Decl. at ¶ 4.]

    Petitioner, however, included the track and confirm notice from the United States Postal Service that confirmed that, while Mr. Belter received the letter on December 10, 2004, delivery was attempted and notice was left on December 2, 2004. [Trav. Exh. 7.] While Mr. Belter did not receive the letter during the ten-day

period during which Petitioner could appeal, he had notice that delivery of the letter had been attempted. Moreover, Respondent has presented no evidence in rebuttal to Petitioner's allegations that delivery of the letter was attempted on December 2, 2004.  This is sufficient evidence that Petitioner is entitled to relief.  Thus, Petitioner's Petition cannot be said to be "palpably incredible," or "patently frivolous or false." Blackledge v. Allison, 431 U.S. 63, 76 (1977).

Section 2255 of Title 28 states that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

It appears that an evidentiary hearing on this issue would be futile.  The evidence presented at the hearing would be identical to the evidence submitted with this Petition: Petitioner will testify that he requested his attorney, Mr. Belter, to file a notice of appeal in his letter and that one was not filed.  Mr. Belter will testify that he did not receive the letter until December 10, 2004.  There is no genuine issue of fact that would have to be determined at an evidentiary hearing.

1    Accordingly, Petitioner has established that he
2 requested Mr. Belter to file a notice of appeal and that
3 no notice of appeal was filed.  Under the Rodriquez
4 precedent, as interpreted in the post-Strickland context
5 by Flores-Ortega and Canales, this is a sufficient
6 showing to entitle Petitioner to relief.  As discussed
7 above, since Petitioner has established that he did in
8 fact request his attorney to file a notice of appeal, the
9 Strickland elements are satisfied.  Petitioner as he has
10 done here, need only establish that he requested his
11 attorney to file a notice of appeal by a preponderance of
12 the evidence.  Silva v. Woodford, 279 F.3d 825, 835 (9th
13 Cir. 2002).
14
15    Accordingly, the Court finds that, by a preponderance
16 of the evidence, Petitioner's attorney did in fact
17 neglect to file a notice of appeal despite Petitioner's
18 reasonable efforts to direct him to do so, entitling
19 Petitioner to relief.  Petitioner's sentence is hereby
20 vacated and reentered, thus reinstating the ten day
21 deadline under Federal Rule of Appellate Procedure 4(b)
22 for Petitioner to file a notice of appeal.  See
23 Rodriquez, 395 U.S. at 332, United States v.
24 Torres-Otero, 232 F.3d 24, 32 (1st Cir. 2000) ("the
25 district court is not required to engage in de novo
26 resentencing, but may instead vacate the initial sentence
27 and summarily reimpose a sentencing judgment identical in
28

all respects to the earlier judgment except for the date of entry."); <u>United States v. Phillips</u>, 225 F.3d 1198, 1201 (11th Cir. 2000); <u>United States v. Prado</u>, 204 F.3d 843, 845 (8th Cir. 2000). **Petitioner thus has until August 3, 2007, to file his notice of appeal.** The Court hereby appoints William Domnarski for the sole purpose of preparing and filing Petitioner's Notice of Appeal. If Petitioner makes a request within this period, the clerk of the court will file a notice of appeal on Petitioner's behalf pursuant to Federal Rule of Criminal Procedure 32(j)(2).

### IV. CONCLUSION

For the foregoing reasons, the Court denies the Petition as to grounds one to four and grants it as to ground five. Petitioner has until August 3, 2007 to file his notice of appeal.

**IT IS SO ORDERED.**

Dated:   July 3, 2007

VIRGINIA A. PHILLIPS
United States District Judge